IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASSIUS DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-0759-K |
| | § | |
| PIONEER NATURAL RESOURCES CO., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This case was randomly reassigned to this Court when Senior Judge Sidney A. Fitzwater recused himself on October 19, 2023. *See* Doc. No. 31. Before the Court is Plaintiff Cassius Davis's ("Plaintiff") Motion for Rule 41(a)(2) Voluntary Dismissal Without Prejudice (the "Motion to Dismiss") (Doc. No. 13). Defendant Pioneer Natural Resources Co. ("Defendant") filed its Response in Opposition (Doc. No. 20) and brief in support (Doc. No. 21) (together, the "Response"). Non-party Pioneer Natural Resources USA, Inc. ("Pioneer USA") also opposes the Motion to Dismiss. Pioneer USA filed a Motion to Intervene but the court has not yet ruled on that motion; therefore, at most, Pioneer USA is a movant in this case and nothing more. Plaintiff filed a Reply to Defendant's Response (the "Reply") (Doc. No. 22). Because permitting Plaintiff to dismiss this action without prejudice will not cause Defendant to suffer plain legal prejudice, the Court **GRANTS** the Motion to Dismiss. Further, the Court **DENIES** Defendant's request,

ORDER – PAGE 1

in the alternative, for an award of costs and attorneys' fees incurred as a result of removal. This case is **dismissed without prejudice**.

I. Background

(All document citations use the CM/ECF assigned page number, not the document page number.)  Plaintiff, a Mississippi citizen, sued Defendant, a citizen of Delaware and Texas, in state court in Dallas County, Texas, on April 5, 2023, alleging negligence-based claims arising from injuries incurred at an oil well site that he believed Defendant owned and operated. Doc. No. 13 at 1; *see also* Doc. No. 1-2 at 3-6.  On April 10, 2023, Defendant removed the case to federal court on the basis of diversity jurisdiction.  Doc. No. 1 at 2-3. Although the forum defendant rule would have barred this removal, Defendant effectuated a "snap removal" (the exception to the forum defendant rule) by removing this case before it was "properly joined and served" in state court.  Doc. No. 1 at 3; *see* 28 U.S.C. § 1442(b)(2).

Defendant filed its Answer to Plaintiff's state-court petition on May 1, 2023.  *See generally* Doc. No. 4. In its Answer, Defendant stated: "Defendant, named in Plaintiff's lawsuit as 'PIONEER NATURAL RESOURCES COMPANY,' is not a proper party and has no substantive involvement in the matters at bar."  Doc. No. 4 at 3.  On August 28, 2023, Plaintiff filed this Motion to Dismiss seeking to voluntarily dismiss the case on the grounds that the named defendant to this suit is not the proper party.  Doc. No. 13 at 1-2; *see* Doc. No. 22 at 2 (based on Defendant's own allegation, "there is **no** party defendant

in this lawsuit that had any substantive involvement in the matters at bar."). Plaintiff seeks a court order of dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure because Defendant filed its Answer and denied Plaintiff's request to stipulate to dismissal. Doc. No. 13 at 2.

Before Defendant responded to the Motion to Dismiss, Pioneer USA moved to intervene in the suit on September 11, 2023, asserting that it is the proper defendant. *See* Doc. No. 14. That same day, Defendant moved this Court to enjoin Plaintiff from proceeding with a state-court action he filed against Pioneer USA in state court on August 16, 2023. Doc. No. 19 at 5, 8.

Subsequent to those motions, Defendant and Pioneer USA filed their Response opposing the Motion to Dismiss on September 18, 2023. Doc. Nos. 20 & 21. Defendant and Pioneer USA request the Court deny the Motion to Dismiss or, in the alternative, that the Court order Plaintiff to reimburse their costs and attorney's fees associated with removal. Doc. No. 20 at 4.

II. Analysis

 A. Applicable Law

When a defendant has answered, Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2); *see In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*,

628 F.3d 157, 162 (5th Cir. 2010). Unless the order states otherwise, the dismissal is without prejudice. FED. R. CIV. P. 41(a)(2).

Voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002); *accord TestMasters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, 799 F.3d 437, 448 (5th Cir. 2015). "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense." *Harris v. Devon Energy Prod. Co., L.P.*, 500 Fed. Appx. 267, 268 (5th Cir. 2012) (per curiam) (citing *In re FEMA Trailer*, 628 F.3d at 162). "[T]he mere prospect of a second lawsuit" and the "additional expense . . . incurred in relitigating issues in another forum" are insufficient for plain legal prejudice. *Elbaor*, 279 F.3d at 317 & n.3.

Additionally, the Fifth Circuit considers several factors when determining whether a grant of voluntary dismissal is appropriate: (1) the defendant's effort and the expense involved in preparing for trial, (2) whether there is excessive delay and lack of diligence by the plaintiff in prosecuting the action, (3) whether the plaintiff has sufficiently explained the need to take a dismissal, and (4) whether the defendant has filed a motion for summary judgment. *Elbaor*, 279 F.3d at 318 n.3 (citing *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)).

B. **Defendant Will Not Suffer Plain Legal Prejudice**

Plaintiff moves to voluntarily dismiss this case because the named defendant, based on its own allegations, is not the proper party to this suit and had "no substantive involvement" in the actions giving rise to these claims. Doc. No. 13 at 2. Defendant responds that it will suffer plain legal prejudice because a second lawsuit has already been filed, it already filed an Answer, this case has been litigated for more than five months (at the filing of the Response), initial discovery has begun, this matter has been set for trial, and Pioneer USA has moved to intervene. Doc. No. 21 at 3. Defendant also asserts that Plaintiff is forum shopping and because Plaintiff's sole reason for dismissal is to sue the proper defendant, the Motion to Dismiss is moot because Pioneer USA, the alleged proper party, filed a motion to intervene. *Id.* at 4-5.

For the following reasons, the Court finds that Defendant will not suffer any plain legal prejudice if the Motion to Dismiss is granted. Plaintiff did not wait to seek dismissal until a late stage of the proceedings, after Defendant has exerted significant time and effort. Plaintiff filed his motion five months after his initial state court petition, less than four months after Defendant filed its Answer, and more than one year before the close of discovery. *See McCauley v. Kroger Co.*, 2020 WL 2065634, at *1-2 (N.D. Tex. Apr. 29, 2020) (Fitzwater, S.J.) (holding that motion for voluntary dismissal made almost a year after suit was filed and motion to remand was determined was not in late stage of the proceedings); *Arrington v. Kroger Texas L.P.*, 2016 WL 4207991, at *1-2 (N.D. Tex. Aug.

10, 2016) (Fitzwater, J.) (holding case was not in late stage of proceedings when plaintiff filed motion for voluntary dismissal two months before the close of discovery and defendant filed a motion for summary judgment).  Thus the court cannot find that this action is a late stage of the proceedings.  Defendant does not show, and it is not apparent from the record, that Defendant will be stripped of an otherwise available defense.  Also, there is not an imminent adverse ruling on the horizon.

Further, there is no prospect of a second lawsuit against Defendant in a different forum.  Plaintiff sued movant Pioneer USA—not Defendant— in state court, and there is no indication that Plaintiff intends to sue Defendant in the future.  The fact that non-party Pioneer USA faces a lawsuit in state court even on these same claims and for the same damages is irrelevant to the plain legal prejudice analysis in this case.

Plaintiff also sufficiently explained the need for dismissal in asserting that there is no proper defendant in this action.  Doc. No. 13 at 1-2; *see also* Doc. No. 22 at 2.  Defendant's argument that dismissal is moot because "the proper party"—namely, Pioneer USA—"has intervened and appeared in this case" is without merit.  Doc. No. 21 at 4-5.  Despite Defendant's characterization to the contrary, Pioneer USA is not a party to this action.  The Court has not granted Pioneer USA leave to intervene; therefore, at most, it is a movant in this action having filed its Motion to Intervene (Doc. No. 14) which remains pending.

For all these reasons, the Court finds that Defendant, the only named defendant, will not suffer plain legal prejudice if the Court grants Plaintiff's Motion to Dismiss.

### C. No Conditions on the Dismissal are Necessary

Having determined that it should grant Plaintiff's motion, the Court now turns to whether it should impose conditions on the dismissal. In the instance the Court determines dismissal is appropriate, Defendant and non-party Pioneer USA seek a court order that Plaintiff reimburse them for costs and attorneys' fees incurred in removing to and litigating in this Court. Doc. No. 21 at 5. Plaintiff opposes this request, asserting that Defendant knew it was an improper party before removing the case and that it could have avoided any related costs by simply notifying Plaintiff of this while the action was still in state court. Doc. No. 22 at 7.

"If the district court determines that an unconditional dismissal will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice." *Harris*, 500 Fed. Appx. at 268 (citation omitted). "[T]he court is permitted through Rule 41(a)(2) to impose any conditions it finds proper, which may include a requirement that plaintiff bear defendant's attorney fees and costs." *Greyhound Lines, Inc. v. Younan Props., Inc.*, Civ. Action No. 3:07-CV-2111-O, 2008 WL 2340219, at *3 (N.D. Tex. June 9, 2008) (O'Connor, J.) (citing *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990)). "However, the conditions

imposed, if any, should only include what is necessary to eliminate the harm done to the defendant." *Id.* (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604-05 (5th Cir. 1976)).

"Thus, an important factor in the court's determination of whether to condition dismissal upon plaintiff's payment of attorney fees depends on the amount of discovery and the extent to which various pretrial motions have been filed." *Id.* (citations omitted). "For a suit still in the pretrial stage, the absence of extensive trial preparation and discovery proceedings usually indicates that the defendant will not suffer significant harm by dismissal of the case." *Id.* (citation omitted).

There is no basis for awarding costs and attorneys' fees to Defendant. Plaintiff promptly filed for dismissal early within the pretrial phase. At the time Plaintiff filed this Motion to Dismiss, Defendant had filed no motions. Further, the discovery that has occurred to-date has not been extensive by Defendant's own account. Doc. No. 21 at 3. "In light of the fact that a party may bring suit against whomever it chooses and [Defendant] initially appeared to be a proper party, the court does not find significant harm in [Defendant] having to defend itself up to this point." *Greyhound Lines*, 2008 WL 2340219, at *4. For these reasons, the Court denies Defendant's alternative request for a dismissal conditioned on Plaintiff's payment of its costs and attorneys' fees.

An award of costs and attorneys' fees to non-party Pioneer USA would also be improper because conditions on voluntary dismissal may be imposed only to remedy harm

done to a *defendant*. As a matter of law, the Court cannot impose this condition on the grounds that there was harm to a non-party.

In conclusions, the Court unconditionally **grants** Plaintiff's Motion to Dismiss this case voluntarily under Rule 41(a)(2), and orders that all claims asserted by Plaintiff against Defendant are hereby **dismissed without prejudice**. Each party will bear its own court costs and attorneys' fees.

Because the Court dismisses this case, Pioneer USA's motion to intervene (Doc. No. 14) and Defendant's motion to enjoin parallel state court proceeding (Doc. No. 18) are **denied as moot**.

**SO ORDERED.**

Signed November 1st, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE